HAROLD MILLER, Plaintiff-Appellant, *v.* DEPARTMENT OF TRANSPORTATION OF THE STATE OF HAWAII, HARBORS DIVISION, Defendant-Appellee

NO. 7931

(CIVIL NO. 3902)

MARCH 9, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a summary judgment against the appellant in an action he brought seeking to have reinstated a mooring permit in the Lahaina small boat harbor. We affirm.

The facts, as agreed to by the parties in the court below, are that appellant had a permit to moor his vessel at Berth 30 in the Lahaina Harbor. That permit was renewed on October 31, 1977 for a period up until October 1, 1978. The permit expressly provided that appellant would abide by all rules and regulations promulgated by the Department of Transportation. Rule 3.11 provides that if a vessel is to be absent from its berth for a period in excess of 14 days, the holder of the use permit shall submit an application for permission for such absence. It further provides that if the assigned vessel does not return within 30 days after the time indicated in the application, the Department may revoke the use permit.

On October 31, the same day that the permit was renewed, appellant filed, on form DOT 3-128, an "Application to Retain Berth during Temporary Absence" in which he listed the return date as December 1, 1977. That application stated:

I understand that in order to retain this privilege of returning to the berth that I must:

.   .   .   .

(2) Return the vessel to the berth not later than thirty (30) days after the return date indicated in this application; . . .

The application also stated:

I also understand that approval of this application shall not be construed as a waiver of the right of the Department of Transportation to:

(1) Revoke this or any Use Permit for failure to comply with the Small Boat Harbors Regulations, Department of Transportation, State of Hawaii; . . .

The application is signed by the appellant and the expiration date is expressly listed as January 1, 1978.

On February 13, 1978, the time having expired, and no further extension having been applied for, the appellee notified appellant that his mooring permit had expired.

Appellant contends that he was entitled to a hearing before his permit was taken away. However, he cites no regulation of the Department of Transportation nor any statute with regard to the Department in support thereof.

Section 266-21.1, HRS, which governs the issuance of permits for mooring in small boat harbors, contains no provision for a

hearing in connection with the issuance or revocation thereof, but does provide:

> The department shall adopt rules pursuant to chapter 91 to further implement this section and other sections pertaining to state small boat harbors.

The Hawaii Administrative Procedure Act, § 91-9, HRS, provides for hearings in contested cases. However, a contested case is defined in § 91-1(5) as follows:

> "Contested case" means a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing.

Since no statute or regulation provides for a hearing on the revocation of a berthing or mooring permit, a hearing on the termination of a permit would be required by law only if due process mandates such a hearing.

In *Cafeteria & Restaurant Workers Union v. McElroy*, 367 U.S. 886, 6 L.Ed. (Second) 1230, 81 Sup. Ct. 1743 (1961), it is stated:

> Where it has been possible to characterize that private interest (perhaps in oversimplification) as a mere privilege subject to the Executive's plenary power, it has traditionally been held that notice and hearing are not constitutionally required.

367 U.S. at 895.

In *Green Mountain Post v. Liquor Control Board*, 117 Vt. 405, 94 A.2d 230 (1953), a liquor license had been revoked. The Vermont statute made no provision for a hearing in such a situation. The court, upholding the revocation, stated:

> Where, as here, the statute does not provide for a hearing in case of a suspension of a license the plaintiff is bound by its acceptance of the licenses and is subject to the condition that these licenses can be suspended without a hearing.

94 A.2d at 233. Such is our case. Due process requires no hearing in the present situation. Accordingly, appellant's contention that he was entitled to a hearing cannot be sustained.

Appellant also contends that he was granted an oral extension of time to complete the repairs on his boat by the harbormaster. However, the only thing in support of that contention is the language in his affidavit attached to his complaint which states:

> Because of the difficulty of getting parts, the boat was out of

the water longer than I anticipated, but my contract for the berth was renewed in October of 1977, and I was told by the Harbormaster that I didn't have to worry about getting it back into the berth.

Thereafter, in his affidavit, he recites the fact that there was a delay in getting parts and "When I told this to the Harbormaster, he said there would be no problem in my having more time."

Those statements, if made by the harbormaster, are perfectly consistent with the Department's course of conduct. When appellant applied for an extension of time according to the regulations, it was granted to him. Presumably, had he continued to apply, further extensions would have been granted as they had in the past. Appellant's problem is that on October 31, 1977, he agreed to abide by the rules and regulations of the Department, which included returning his boat to its berth within 30 days after the expiration of the approved period of absence, or face termination of his mooring permit. When he failed to return his boat, the appellee properly exercised its right to terminate his permit. The appeal is without merit.

Affirmed.

*Ronald G. Barron* on the briefs for appellant.

*Glenn I. Kimura,* Deputy Attorney General, on the brief for appellee.